■ In the Matter of the Estate of ANDY WARHOL, Deceased. EDWARD W. HAYES, Respondent; FREDERICK W. HUGHES, Appellant. [619 NYS2d 42] —Order of the Surrogate's Court, New York County (Eve Preminger, S.), entered on or about June 7, 1994, denying respondent-appellant's motion, pursuant to CPLR 3211 (a) (7), to dismiss the first four counts of the petition and further restraining respondent-appellant from paying himself any further commissions until final settlement of the Estate, is unanimously modified, on the law, to dismiss the first four counts of the petition, and otherwise affirmed, without costs or disbursements.

Counts one to three of the petition which seek to hold respondent Hughes personally liable for Hayes' fees as attor-

ney for the Estate should have been dismissed. The respondent-appellant shielded himself from personal liability pursuant to EPTL 11-4.7. That section in subdivision (a) reads: "Unless otherwise provided in the contract, a personal representative is not individually liable on a contract properly entered into in his fiduciary capacity in the course of administration of the Estate unless he fails to reveal his representative capacity and identify the Estate or trust in the contract."

The June 1988 letter, relied upon in the petition to support petitioner-respondent's claims, refers clearly to the capacity in which the appellant acted, i.e., as "Executor of the Estate of Andy Warhol", and the petition does not reveal or allege any agreement in that letter nor any other document by which appellant "otherwise" agreed to be individually bound.

The fourth count in the petition asserts, in essence, that *if* the Surrogate determines that petitioner should be compensated for executorial services, and *if* petitioner is not separately compensated for such services from the Estate, then petitioner would be entitled to recover from appellant individually. However, petitioner's own description of the work performed by him is centered on his acting as an attorney in the administration of the Estate. "The burden was entirely upon him to differentiate between his executorial and legal services" *(Matter of Schoonheim,* 158 AD2d 183, 188). Petitioner does not plainly allege that he rendered services which the executor was legally bound to perform nor does he specify what those services were. Thus, this count also fails to state a cause of action.

Finally, under the unique circumstances present in this matter, we perceive no improvident exercise of discretion on the part of the Surrogate in restraining the payment of any further executor's commissions pending final settlement of the Estate. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.